UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CUMMINS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09-cv-00738 |
| | ) | |
| ACE AMERICAN INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ACE AMERICAN INSURANCE COMPANY'S ANSWERS
TO CUMMINS' FIRST SET OF INTERROGATORIES**

Defendant ACE AMERICAN INSURANCE COMPANY (hereinafter "ACE AMERICAN"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Court Rules 26.1 and 26.2, hereby answers, Cummins, Inc.'s ("Cummins") First Set of Interrogatories to Defendants as follows:

**GENERAL OBJECTIONS AND INSTRUCTIONS
APPLICABLE TO ALL INTERROGATORIES**

1.      ACE AMERICAN objects to these Interrogatories to the extent they seek to impose compliance obligations greater than those imposed by any Federal Rule of Civil Procedure or Local Court Rule.

2.      ACE AMERICAN objects to the "Definitions" contained in the Interrogatories to the extent they seek to impose obligations upon ACE AMERICAN greater than those imposed by the Federal Rules of Civil Procedure.

Exhibit 1

3.      ACE AMERICAN objects to these Interrogatories to the extent they seek privileged communications or information, including, without limitation, communications or information which was generated or received in anticipation of litigation, information which constitutes work product, or information which is protected by the attorney-client privilege, or any of the applicable privileges, rules of confidentiality, immunity, protections, or restrictions that are otherwise non-discoverable under the Federal Rules of Civil Procedure. ACE AMERICAN also reserves the right to retrieve information and/or a document that is inadvertently produced. Any inadvertent production of protected information and/or documents does not constitute a waiver of any privilege, work-product doctrine or immunity.

4.      ACE AMERICAN objects to these Interrogatories to the extent they seek confidential, proprietary or otherwise protected business or commercial information.

5.      ACE AMERICAN submits its answers and responses to these Interrogatories without conceding the relevancy or materiality of any information contained therein, or the admissibility of any document referred to or produced in connection with Cummins' First Set of Interrogatories, or First Set of Request for Production of Documents. Additionally, ACE AMERICAN submits their answers without waiving any argument, right, coverage position or Affirmative Defense.

7.      ACE AMERICAN objects to these Interrogatories to the extent they are improper at this stage in the litigation. ACE AMERICAN reserves the right to interpose further objections as the grounds therefore become known and further reserves the right (and recognizes the duty) to supplement these responses from time to time in the event that additional documents or information responsive to these Interrogatories is discovered.

2

8.     ACE AMERICAN objects to these Interrogatories as improper on the grounds and to the extent that obtaining the requested information would be oppressive, unduly burdensome and expensive, and the burden and expense of obtaining the information greatly exceeds the value of the information in the context of this litigation.

9.     ACE AMERICAN objects to the definition of the term "YOU" or "YOUR" as overbroad as the definition includes various third-parties which are not employees ACE AMERICAN. ACE AMERICAN incorporates by reference each and every one of these objections to each and every one of the Insurers' interrogatories set forth below as though fully set forth herein.

10.    ACE AMERICAN incorporates by reference each and every one of these objections to each and every one of the Insurers' interrogatories set forth below as though fully set forth therein.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**  For each allegation of Cummins' complaint that you do not unequivocally admit, STATE THE BASIS for YOUR response to each such allegation

**ANSWER:  Objection. This Interrogatory is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  The Insurers' motion to dismiss Cummins' complaint is pending. Without waiving any objections, see the Complaint in Case No. 1:09-cv-01133-LJM-DML. Answering further, ACE AMERICAN will respond to Cummins' complaint if and when Cummins proffers a complaint that the Court deems states a cause of action.**

**INTERROGATORY NO. 2:**  State each item of Cummins' CLAIM MODEL with which YOU disagree, in whole or in part, and, for each such item, STATE THE BASIS for YOUR disagreement.

**ANSWER:   Objection.   This interrogatory is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or**

3

admissible information.  Without waiving any objections, non-privileged documents, from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time.  Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy.

**INTERROGATORY NO. 3**:  State each item of Cummins' CLAIM MODEL that YOU contend is not covered by the POLICY, in whole or in part, and, for each such item, STATE THE BASIS for YOUR contention that it is not covered by the POLICY.

**ANSWER:   Objection.  This interrogatory is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.   Without waiving any objections, documents from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time.  Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy.**

**INTERROGATORY NO. 4:**   IDENTIFY each person who participated in the negotiation, drafting, or issuance of the POLICY and, for each such person, state with particularity the nature, extent, substance and date(s) of his or her participation.

**ANSWER:   Objection.  This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Without waiving any objections, answering see Appendix A for a list of individuals believed to have information relevant to the placement of the policy issue.   Answering further, documents from which an additional responsive information be derived have previously been produced.**

**INTERROGATORY NO. 5:**   IDENTIFY each person who participated in the investigation of the Cummins' CLAIM and YOUR behalf and, for each such person, state with particularity the nature, extent, substance and date(s) of his or her participation in the investigation of Cummins' CLAIM.

**ANSWER:   Objection.  This interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  Without waiving any objections, see Appendix A for a list of individuals believed to have information relevant to the allegations in the complaints.   Answering further, documents will be produced from which any additional responsive information can be derived.**

4

**INTERROGATORY NO. 6:**  IDENTIFY each person who has represented YOU in any way with respect to Cummins' CLAIM and, for each such person, state with particularity the nature, extent, substance and date(s) of his or her representation of YOU with respect to Cummins' CLAIM.

**ANSWER:   Objection.  This interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  Without waiving any objections, ACE AMERICAN states that Jim Jezewski represented ACE AMERICAN with respect to the claim and documents will be produced from which any other responsive information can be derived.**

**INTERROGATORY NO. 7:**  Do YOU contend that any language of the POLICY was drafted by someone other than YOU?  If so, identify all such language with particularity and, as to each, STATE THE BASIS for YOUR contention that the language was drafted by someone other than YOU.

**ANSWER:    Yes.  The Policy is a manuscript form drafted by AON, presumably with input from Cummins.  The Policy was specifically drafted and tendered by AON for Cummins with the individual and specialized property insurance needs of Cummins in mind and was then marketed to various members of the global commercial property insurance market including, without limitation, FM Global, the insurer for the 2006-07 policy year and, the insurers, individually:  Ace American Insurance Company, Allianz Global Risks US Insurance Company, AXIS Insurance Company, Continental Casualty Company, General Security Indemnity Company of Arizona, HDI-Gerling Industrie Versicherung AG, Lexington Insurance Company, Liberty Mutual Fire Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA., Steadfast Insurance Company, XL Insurance America, Inc (hereinafter "the Insurers").   The manuscript form at issue was then sent to the underwriting departments for each of the Insurers for acceptance, if at all, as written by AON on behalf of Cummins.  Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML, the applicable insurance policy, and documents previously produced from ACE AMERICAN'S underwriting file from which other responsive information may be derived.**

**INTERROGATORY NO. 8:**  State with particularity all revisions YOU considered, suggested, and/or made to the POLICY and, for each, IDENTIFY every person who was

5

involved in the consideration, suggestion and/or making of such revision and the nature, extent, substance and date(s) of his or her involvement.

**ANSWER:   Objection.   This request is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible information.   Without waiving any objections, documents from which arguably responsive information can be derived will be produced for inspection and copying at a mutually agreeable time.**

**INTERROGATORY NO. 9:**  STATE THE BASIS for YOUR allegation at paragraph 32 of the INSURER COMPLAINT that "[o]n or before 1968, CUMMINS erected a three hundred foot long levee and flood wall along the Haw Creek River to protect the CTC and CCDC locations against a 100 year flood . . ."

**ANSWER:   inspection and copying at a mutually agreeable time.   ACE AMERICAN also states that public records, including but not limited to the applicable Federal Insurance Rate Map ("FIRM") and other governmental filings are available in the public domain and are equally available to Cummins as they are to the Insurers. Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy.   Additionally, ACE AMERICAN relies upon the opinions of McCormick Engineering LLC which determined that the CTC and CCDC are partially within the 100-year flood plain and a levee and floodwall existed to protect against 100-year flooding.   ACE AMERICAN also relies upon the January 2008 XL Global Asset Protection Services' loss prevention survey commissioned by Cummins that identified that the CTC was partially within a 100-year flood zone and protected by an levee and floodwall as well as The 2006 Site Flood Response Plan was signed by representatives of Cummins and FM Global on July 17, 2006 and identifies, among other things, that a portion of the CTC is within the 100-year flood zone.**

**INTERROGATORY NO. 10:**   State with particularity how Defendants and their representatives calculated each amount set forth in the attachment to the August 3, 2009 letter from Mark Bruaski at Crawford & Company to Ms. Judy Ertel at Cummins.

**ANSWER:   Objection.   This interrogatory is vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible information.   Without waiving any objections, documents from which responsive information can be derived will be produced for inspection and copying at a**

mutually agreeable time.  Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy.

**INTERROGATORY NO. 11:**  STATE THE BASIS for YOUR allegation at paragraph 59 of the INSURER COMPLAINT that "CUMMINS wrongly contends that the deductible to be applied is $2.5 million."

**ANSWER:**   Documents from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time.  ACE AMERICAN also states that public records, including but not limited to the applicable Federal Insurance Rate Map ("FIRM") and other governmental filings are available in the public domain and are equally available to Cummins as they are to the Insurers. Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy. Additionally, ACE AMERICAN relies upon the opinions of McCormick Engineering LLC which determined that the CTC and CCDC are partially within the 100-year flood plain and a levee and floodwall existed to protect against 100-year flooding.  ACE AMERICAN also relies upon the January 2008 XL Global Asset Protection Services' loss prevention survey commissioned by Cummins that identified that the CTC was partially within a 100-year flood zone and protected by an levee and floodwall as well as The 2006 Site Flood Response Plan was signed by representatives of Cummins and FM Global on July 17, 2006 and identifies, among other things, that a portion of the CTC is within the 100-year flood zone.  Consequently, the applicable deductible must be calculated as set forth in Count I of the Complaint in Case No. 1:09-cv-01133-LJM-DML.

**INTERROGATORY NO. 12:**  STATE THE BASIS for YOUR contention at Count I of the INSURER COMPLAINT that the applicable deductible is $20,302,446.40.

**ANSWER:**   Documents from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time.  ACE AMERICAN also states that public records, including but not limited to the applicable Federal Insurance Rate Map ("FIRM") and other governmental filings are available in the public domain and are equally available to Cummins as they are to the Insurers. Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy. Additionally, ACE AMERICAN relies upon the opinions of McCormick Engineering LLC which determined that the CTC and CCDC are partially within the 100-year flood plain and a levee and floodwall existed to protect against 100-year flooding.  ACE AMERICAN also relies upon the January 2008 XL Global Asset Protection Services' loss prevention survey commissioned by Cummins that identified that the CTC was partially within a 100-year flood zone and protected by an levee and floodwall as well as The 2006 Site Flood Response Plan was signed by representatives of Cummins and FM Global on July 17, 2006

and identifies, among other things, that a portion of the CTC is within the 100-year flood zone. Consequently, the applicable deductible must be calculated as set forth in Count I of the Complaint in Case No. 1:09-cv-01133-LJM-DML. ACE AMERICAN also relied upon the calculations of Crawford and Hagen, Streiff, Newton & Oshiro to calculate the amount of the applicable deductible.

**INTERROGATORY NO. 13:** STATE THE BASIS for YOUR allegation at paragraph 60 of the INSURER COMPLAINT that "[b]ased upon the terms of the Policy quoted above in Paragraphs 66 and 67 of Count II, the CTC and CCDC locations are subject to the $50,000,000 limit of liability for the peril of 'Flood in High Hazard (100 year) Flood Zones.'"

**ANSWER:** Documents from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time. ACE AMERICAN also states that public records, including but not limited to the applicable Federal Insurance Rate Map ("FIRM") and other governmental filings are available in the public domain and are equally available to Cummins as they are to the Insurers. Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy. Additionally, ACE AMERICAN relies upon the opinions of McCormick Engineering LLC which determined that the CTC and CCDC are partially within the 100-year flood plain and a levee and floodwall existed to protect against 100-year flooding. ACE AMERICAN also relies upon the January 2008 XL Global Asset Protection Services' loss prevention survey commissioned by Cummins that identified that the CTC was partially within a 100-year flood zone and protected by an levee and floodwall as well as The 2006 Site Flood Response Plan was signed by representatives of Cummins and FM Global on July 17, 2006 and identifies, among other things, that a portion of the CTC is within the 100-year flood zone. Consequently, the CTC and the CCDC are subject to the $50,000,000 limit of liability for the peril of flood in High Hazard (100 year) Flood Zones.

**INTERROGATORY NO. 14:** STATE THE BASIS for YOUR allegation at paragraph 72 of the INSURER COMPLAINT that "CUMMINS wrongly contends that the sub-limits of coverage for research and development are in addition to the sub-limit for peril of 'Flood in High Hazard (100-year) Flood Zones.'"

**ANSWER:** Documents from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time. Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy. Additionally, all losses claimed by Cummins in this matter were caused by the peril of flood. Since the sub-limit for the peril of "Flood in High Hazard (100-year) Flood Zones" would apply to all loses caused by flood, any losses at the CTC and the CCDC would be subject to the $50,000,000 sub-limit. Thus, since any research and development losses were

caused by flood, any such losses would be subject to the $50,000,000 sub-limit in the aggregate and would not be extended by the research and development sub-limit

**INTERROGATORY NO. 15:** STATE THE BASIS for YOUR allegation at paragraph 81 of the INSURER COMPLAINT that "[b]ased on the terms of the Policy as alleged in paragraphs 709 and 80 of Count IV, the theoretical costs to replicate alleged lost testing and/or certain research and development of the Test Articles and Golden Eggs are not covered."

**ANSWER:**   Documents from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time.  Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy. Additionally, the Policy does not afford business interruption coverage for theoretical testing and/or research costs that have not been performed by Cummins and which would, by definition, occur beyond the applicable period of recovery as defined by the Policy.

**INTERROGATORY NO. 16:** State with particularity your contention(s) regarding the dates of Cummins' "Period of Recovery" as that phrase is use in the POLICY, and STATE THE BASIS for your contention(s).

**ANSWER:**   Documents from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time.  Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy. Additionally, Cummins represented in an August 4, 2008 10Q filing with the Security and Exchange Commission that:

> **In June 2008, Columbus, Indiana experienced significant flooding which impacted some of our facilities.  One manufacturing facility was partly flooded.  Our Technical Center, which houses engineering staff and contains Dynamometer Test Cells and Labs was more severely impacted by the event which caused temporary displacement of the engineering work force and suspension of testing for approximately five weeks.  Critical Testing was transferred to other Cummins facilities and external suppliers to minimize the interruption.**
>
> *          *          *
>
> **We are using our other engineering facilities in other regions not impacted by the flood to continue our engineering and**

9

> development activities. We have already resumed operations in
> our test cells and will secure additional capacity outside our
> facility at additional costs.

Consequently, Cummins has admitted that its period of recovery as a result of
the loss extended no later than five (5) weeks after the loss or approximately the
third week of July, 2008. Cummins also admitted that its testing efficiency after
July 15, 2008 exceeded its pre-loss testing efficiency. Giving the benefit of the
doubt to Cummins, ACE AMERICAN has determined that the period of
recovery should run until July 31, 2008.

**INTERROGATORY NO. 17:** STATE THE BASIS for YOUR allegation at paragraph

95 of the INSURER COMPLAINT that "[a]s of July 15, 2008, CUMMINS achieved the same

testing efficiency of thirty percent (30%) at the CTC which existed before the June 7, 2008 flood

event."

**ANSWER:** Documents from which responsive information can be derived will be
produced for inspection and copying at a mutually agreeable time. Answering further, see
the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy.

**INTERROGATORY NO. 18:** STATE THE BASIS for YOUR allegation at paragraph

96 of the INSURER COMPLAINT that "[s]ince CUMMINS has returned to pre-loss efficiency

levels within five (5) weeks of the date of the loss, its alleged extended period of recovery is

precluded by the terms of the Policy."

**ANSWER:** Documents from which responsive information can be derived will be
produced for inspection and copying at a mutually agreeable time. Answering further, see
the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy.
Additionally, Cummins represented in an August 4, 2008 10Q filing with the Security and
Exchange Commission that:

> In June 2008, Columbus, Indiana experienced significant
> flooding which impacted some of our facilities. One
> manufacturing facility was partly flooded. Our Technical
> Center, which houses engineering staff and contains
> Dynamometer Test Cells and Labs was more severely impacted
> by the event which caused temporary displacement of the
> engineering work force and suspension of testing for
> approximately five weeks. Critical Testing was transferred to

10

other Cummins facilities and external suppliers to minimize the interruption.

*     *     *

We are using our other engineering facilities in other regions not impacted by the flood to continue our engineering and development activities. We have already resumed operations in our test cells and will secure additional capacity outside our facility at additional costs.

Consequently, Cummins has admitted that its period of recovery as a result of the loss extended no later than five (5) weeks after the loss or approximately the third week of July, 2008. Cummins also admitted that its testing efficiency after July 15, 2008 exceeded its pre-loss testing efficiency. Giving the benefit of the doubt to Cummins, ACE AMERICAN has determined that the period of recovery should run until July 31, 2008. Since Cummins' extended period of indemnity claims contains, among other things, testing costs which would occur beyond the applicable period of recovery, Cummins' extended period of indemnity claim is precluded by the terms of the Policy.

**INTERROGATORY NO. 19:**  Do YOU contend that Cummins was informed prior to June 2008 that YOU or any other Defendant in this lawsuit considered the Cummins Technical Center site to be subject to a $50 million limit of liability for damages caused by flooding? If so, STATE THE BASIS for YOUR contention.

**ANSWER:**  Yes. Documents will be produced from which responsive information can be derived. Answering further, see the Complaint in Case No. 1:09-cv-00738 and the applicable insurance policy. Additionally, Cummins received the XL Global Asset Protection Services Loss Prevention Survey on or about January 31, 2008 which demonstrated that the CTC was partially within a 100-year flood zone and protected by a levee and floodwall. Cummins also commissioned a 2006 Site Flood Response Plan with FM Global which sought to "summarize the response necessary by Cummins personnel when there is the potential for the site to flood." The 2006 Site Flood Response Plan was signed by representatives of Cummins and FM Global on July 17, 2006 and identifies, among other things, that a portion of the CTC is within the 100-year flood zone. As a result, Cummins knew no later than July 17, 2006 that the CTC was partially within a 100-year flood zone and protected by a levee and floodwall.

**INTERROGATORY NO. 20:**   IDENTIFY each type of loss and/or damage YOU contend is subject to a $50 million limit of liability for damages caused by flooding pursuant to the POLICY and STATE THE BASIS for your contention.

**ANSWER:**   **Documents from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time.  Answering further, see the Complaint in Case No. 1:09-cv-01133-LJM-DML and the applicable insurance policy. Additionally, since portions of both the CTC and the CCDC are within a 100-year flood zone, any property damaged by flood at the CTC and the CCDC are subject to the $50,000,000 flood sub-limit.**

**INTERROGATORY NO. 21:**   State with particularity all findings, opinions and/or conclusions expressed by Thornton Tomasetti, or any person affiliated with Thornton Tomasetti, with respect to Cummins' CLAIM, or any aspect of Cummins CLAIM, losses or damages. YOUR answer should include, at least, the IDENTITY of each person who expressed the finding, opinion or conclusion; the person(s) to whom the finding, opinion or conclusion was expressed; whether the finding, opinion or conclusion was expressed in writing or orally; whether the finding, opinion or conclusion was documented and, if so, how, and who has custody of the documentation; the date of the finding, opinion and/or conclusion; and the substance of the finding, opinion or conclusion.

**ANSWER:**   **Objection. Thornton Tomasetti was retained specifically for litigation purposes and therefore seeks this interrogatory seeks information protected by the work product doctrine.  Any such information, if at all, will be disclosed in accordance with the Court's April 2, 2010 case management schedule. This interrogatory also seeks information created for purposes of settlement discussions and which is protected by Fed. R. Evid 408.**

**INTERROGATORY NO. 22:**   Describe with particularity all instructions and direction given by YOU to anyone on YOUR behalf, including but not limited to Crawford & Company, to each consultant who has represented YOU and/or any other Defendant with respect to

12

Cummins' CLAIM (which consultants include, without limitation, Crawford & Company; McCormick Engineering, LLC; Hagen, Streiff, Newton & Oshiro; Thornton Tomasetti; Halliwell Engineering; Young & Associates; Werlinger & Associates). YOUR answer should include, at least, the IDENTITY of each person who gave the instruction or direction; the person(s) to whom the instruction or direction was given; whether the instruction or direction was given in writing or orally; whether the instruction or direction was documented and, if so, how, and who has custody of the documentation; the date of the instruction or direction; and the substance of the instruction or direction.

**ANSWER:    Objection.  This interrogatory seeks information which was developed specifically for litigation purposes.  Such information is protected by the work product doctrine.  This interrogatory also seeks information created for purposes of settlement discussions and which is protected by Fed. R. Evid 408.  Without waiving any objections, and to the extent that this interrogatory seeks information developed only for the purpose of adjusting the claim, non-privileged documents from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time.**

**INTERROGATORY NO. 23:**    Describe with particularity all discussions, communications, and circumstances regarding the addition of Endorsement No. 10, entitled "Amendatory Endorsement – Catastrophe Exposed Zones & Areas" to YOUR POLICY. YOUR answer should include, at least, the IDENTITY of each person who participate din each such discussion or communication; the date(s) of each such discussion, communication or circumstance; whether the discussion, communication or circumstance was documented and, if so, how, and who has custody of the documentation; and a complete description of the substance of the discussion, communication or circumstance.

**ANSWER:    Objection.  This interrogatory seeks information created for purposes of settlement discussions and which is protected by Fed. R. Evid 403.  Without waiving any objections, non-privileged documents from which responsive information can be derived will be produced for inspection and copying at a mutually agreeable time.**

**INTERROGAOTRY NO. 24:**  IDENTIFY every person who was involved in any way in the development, adoption or approval of the form endorsement and/or language used in the endorsement to YOUR POLICY entitled "Amendatory Endorsement – Catastrophe Exposed Zones & Areas", and, for each such person, state with particularity the nature, extent, substance and date(s) of his or her involvement, and IDENTIFY all DOCUMENT(S) in YOUR possession, custody or control related to the development, adoption, approval, use and/or meaning of said form endorsement and/or language.

**Objection.  This interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Without waiving any objections, see answer to interrogatory 4 above.**

**INTERROGATORY NO. 25:**  IDENTIFY all persons with knowledge or information relation to the claims and/or defenses in this lawsuit and, for each such person, state the nature and extent of the knowledge and information he or she possess.

**ANSWER:   Objection.  This interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  Without waiving any objections, see Appendix A for a list of individuals believed to have information relevant to the allegations in the complaints.   Answering further, documents will be produced from which any additional responsive information can be derived.**

Respectfully submitted,

FISHER KANARIS, P.C.

By:

Peter E. Kanaris
Dave E. Heiss
Eric D. Stubenvoll
FISHER KANARIS, P.C.
200 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606
Tel: (312) 474-1400

14

Fax:(312) 474-1410

Bryce H. Bennett, Jr.
Riley, Bennett & Egloff, LLP
141 E. Washington Street
Fourth Floor
Indianapolis, Indiana 46204
Tel: 317-636-8000
**Attorneys for Plaintiffs/Counter Defendants**

## VERIFICATION

I, Jim Jezewski, am authorized to execute this verification on behalf Ace American Insurance Company. I have read the foregoing responses to Cummins, Inc.'s First Set of Interrogatories and I am informed and believe that the responses contained therein are true and correct to the best of my knowledge, or information and belief.

Executed this _15_ day of _APRIL_, 2010.

Jim Jezewski

Signed and Sworn to before me

This _15_ Day of _April_, 2010.

Notary Public

Henry R. Bolden III
Notary Public, State of New York
No. 01BO6184317
Qualified in New York County
Commission Expires April 7, 2012

My commission expires _____

**Appendix A**
**List of Individuals With Knowledge of Facts Relating To The Allegations in the Complaints**

|   | A | B |
|---|---|---|
| 1 | Name | Company |
| 2 | Abdallah, M. | Cummins |
| 3 | Acosta, Reynaldo | Cummins |
| 4 | Ahlgrim, Mark | AON |
| 5 | Ahluwalia, Charan | Applied Engineering Services |
| 6 | Aitken, T. | Cummins |
| 7 | Alexander, George | Werlinger & Associates, Inc. |
| 8 | Alfonso, Sandra E. | Thornton Tomasetti |
| 9 | Ali, Nadeem | Cummins - CTC |
| 10 | Allen, Steve | ACS |
| 11 | Andrews, Mark | KLN |
| 12 | Apple, Greg | Harry J. Kloeppel and Associates, Inc. |
| 13 | Armstrong, Andrew T. | Armstrong Forensic Laboratory, Inc. |
| 14 | Baker, Victoria Neal | Cummins |
| 15 | Balasubramanya, A. | Cummins |
| 16 | Baldwin, Cynthia | Cummins |
| 17 | Barrick, Lon | Continental Casualty Ins. Co. |
| 18 | Basile, Doug | Cummins |
| 19 | Baute, Dennis | Cummins |
| 20 | Beed, David | Cummins |
| 21 | Bell, Jennifer | AON |
| 22 | Bevington, John | Chillco, Inc. |
| 23 | Blackwell, Mark A. | Cummins |
| 24 | Blancett, Scott | Cummins |
| 25 | Blystone, Steve | Cummins |
| 26 | Boggs, Ron | Circle R Mechanical |
| 27 | Bragg, Joyce | Cummins Turbo Technologies Ltd |
| 28 | Brandasse, Jennifer | Cummins |
| 29 | Bridges, Brian | Cummins |
| 30 | Bruaski, Mark | Crawford |
| 31 | Bryant, Ronald | Micro Air, Inc. |
| 32 | Buchanan, Chad | Duke Energy |
| 33 | Buckler, Chris | Trane |
| 34 | Burcham, Dennie | Force Construction |
| 35 | Burke, Timothy J. | Cummins |
| 36 | Caldwell, Jeff | Cummins |
| 37 | Callahan, Mike | TTI Instruments |
| 38 | Campell, Denny | Freije Co. |
| 39 | Capes, Kelly S. | Cummins |
| 40 | Carey, Bob | Duke Energy |
| 41 | Carroll, John | Cummins - CTC |
| 42 | Carson, Randy | Cummins |
| 43 | Charleston, Raymond E. | Liberty Mutual |
| 44 | Charlton, John G. | Cummins |
| 45 | Chen, Yong-Ching (YC) | Cummins |
| 46 | Chiles, Todd | Allie Boiler |
| 47 | Clark, Carol V. | Knoll - Indianapolis |
| 48 | Clark, Frank | Cummins |
| 49 | Clark, James D. | Knoll - Indianapolis |
| 50 | Clulow, Christopher | Cummins |

Appendix A

**List of Individuals With Knowledge of Facts Relating To The Allegations in the Complaints**

| | A | B |
|---|---|---|
| 1 | Name | Company |
| 51 | Cobb, David | Cummins |
| 52 | Collins, Rick | Horner Electric |
| 53 | Cooper, Mike | Cummins (CTC Cummins Tech Center) |
| 54 | Crane, Carri | Cummins |
| 55 | Currier, George | Thornton Tomasetti |
| 56 | Dailey, Christopher | Hagen, Streiff, Newton & Oshiro |
| 57 | Damron, Wade | Cummins |
| 58 | Dardeen, Mark | Indiana Fan & Fabricating |
| 59 | Davenport, Lee | Durr Ecoclean Inc. |
| 60 | Davis, Ashleigh | AON |
| 61 | Davis, Kevin A. | Cummins |
| 62 | Decker, Brandy | Duke Energy |
| 63 | Decker, Robert M. | Cummins |
| 64 | Deiss, Karen M. | Armstrong Forensic Laboratory, Inc. |
| 65 | Destry, Chris | Cummins - CTC |
| 66 | Detterline, Tim | National Environmental, Inc. |
| 67 | Dhuri, Santosh | Cummins |
| 68 | Dicken, Bob E. | Cummins |
| 69 | Dimakos, Steve | Quantum Global Advisors |
| 70 | Duge, A. | Cummins |
| 71 | Duke, James R. | Cummins |
| 72 | Duncan, Jennifer | Cummins |
| 73 | Eady, Tim | Cummins Turbo Technologies Ltd |
| 74 | Eldridge, Frank | Cummins (Cummins Engine Company) |
| 75 | Elsner, Roxanne | Cummins - COHC |
| 76 | Emules, Dave | Cummins |
| 77 | English, James | AON |
| 78 | Errico, Jim | AON |
| 79 | Ertel, Judy | Cummins |
| 80 | Everette-Pataki, Anne | Cummins |
| 81 | Fafara, Al | XL Insurance America, Inc. |
| 82 | Fang, Annie | Cummins |
| 83 | Farkas, Jason C. | Schindler Elevator Corporation |
| 84 | Farney, Mark D. | Cummins |
| 85 | Farrell, Lisa | Cummins |
| 86 | Fellows, Tara | Cummins |
| 87 | Findley, J.W. | Koorsen |
| 88 | Fisher, Lucas | Cummins |
| 89 | Flodder, Jerome R. | Cummins |
| 90 | Fodo, Brandon | HEA |
| 91 | Fosdick, Patrick S. | Cummins |
| 92 | Fox, Mark | AON |
| 93 | Freese, Kathryn J. | Cummins |
| 94 | French, Michael B. | Cummins |
| 95 | Friend, Mark | Cummins |
| 96 | Gamble, Troy M. | ESI Environmental, Inc. |
| 97 | Gao, Haiyan | Cummins |
| 98 | Gardner, Steven W. | jci.com |

Appendix A
List of Individuals With Knowledge of Facts Relating To The Allegations in the Complaints

| | A | B |
|---|---|---|
| 1 | Name | Company |
| 99 | Gaskill, Steven A. | Cummins |
| 100 | Gelfius, Dave A. | Cummins |
| 101 | George, David | Engledow Group |
| 102 | Geyer, Thomas | Cummins |
| 103 | Gloeckner, Paul J. | Cummins - CTC Applied Mechanics Lab |
| 104 | Gosalia, Madhavi | Cummins |
| 105 | Graham, Scott | Ingersoll Rand |
| 106 | Gregg, Tim A. | Cummins |
| 107 | Grewal, Malkiat | Cummins |
| 108 | Griffy, Matt | Freije Co. |
| 109 | Gross, Ron | Continental Machinery |
| 110 | Gupta, Anuj | Cummins |
| 111 | Hagen, Peter | Hagen, Streiff, Newton & Oshiro |
| 112 | Haiyan, Gao | Cummins |
| 113 | Halbur, Lynn | Unico |
| 114 | Halliwell, Jack L. | HEA |
| 115 | Hamilton, Cindy R. | Cummins |
| 116 | Hamilton, Linda | Cummins |
| 117 | Hamm, Bruce | DL Industrial Inc. |
| 118 | Hampton, Judy M. | Cummins |
| 119 | Hanson, Larry | Cummins |
| 120 | Harris, John | Earth Advisors, Inc. |
| 121 | Hax, Chris | Continental Machinery |
| 122 | Hayes, Courtney | Cummins |
| 123 | Haynes, Terri | Johnson Controls |
| 124 | Hefllin, Robert | Duke Energy |
| 125 | Henderson, Donnie | Cummins |
| 126 | Herbert, Sharon | GEP |
| 127 | Henry, Phil | Cummins |
| 128 | Henthorn, Jay | Process Systems Inc. |
| 129 | Herold, Tom | Cummins |
| 130 | Herr, Teresa J. | Cummins |
| 131 | Hill, Matt | Cummins |
| 132 | Hodzen, Edmund P. | Cummins |
| 133 | Hoffman, Doug | AON |
| 134 | Holcomb, Sandra K. | Cummins |
| 135 | Holder, Charles | Cummins |
| 136 | Holland, Rick | Cummins |
| 137 | Holt, Terry | Duke Energy |
| 138 | Homer, Paul | Cummins |
| 139 | Horst, Ter | Lamson & Fisk, Inc. |
| 140 | Hoskins, Tom | Carrier |
| 141 | Houchins, John J. | Cummins |
| 142 | Houston, Jim | Horner Electric |
| 143 | Huffman, Roger | Cummins |
| 144 | Hughes, Jeff G. | Cummins |
| 145 | Hunter, Allen | AON |
| 146 | Hwang, L.W. | Cummins |

### Appendix A
**List of Individuals With Knowledge of Facts Relating To The Allegations in the Complaints**

|  | A | B |
|---|---|---|
| 1 | **Name** | **Company** |
| 147 | Ingram, Pete M. | Cummins |
| 148 | Jacher, Thomas | Ace American Ins. Co. (Starr Tech) |
| 149 | Jackson, Jason | Johnson Controls |
| 150 | Jezewski, Jim | Ace American Ins. Co. (Starr Tech) |
| 151 | Johnson, Beverly | Cummins |
| 152 | Johnson, Justin | ACS |
| 153 | Johnson, Megan L. | Hagen, Streiff, Newton & Oshiro |
| 154 | Jones, Bud | Dunlap & Company, Inc. |
| 155 | Jones, Laura | Cummins |
| 156 | Jones, Tracy | Cummins |
| 157 | Kemp, Mitchell | Cummins |
| 158 | Kettle, Mark | AON |
| 159 | Kim, Peter | Cummins |
| 160 | King, Jason | Repp & Mundt |
| 161 | King, Jerry | Duke Energy |
| 162 | King, Jimmy | EMT |
| 163 | King, Regina | Cummins |
| 164 | King, Tim | DL Industrial Inc. |
| 165 | Kirch, Timothy L. | Cummins |
| 166 | Kistner, Mark | Brehob |
| 167 | Kitterman, Tom | Cummins |
| 168 | Klein, William | Stonhard, Division of StonCor Group, Inc. |
| 169 | Kleinpeter, Shawn P | Cummins Tech Center |
| 170 | Klepser, Cheryl | Cummins |
| 171 | Korasidas, Steve | Cummins |
| 172 | Kruse, D. | Cummins |
| 173 | Kuhn, Brian | Micro Air Inc. |
| 174 | Kumar, Virendra | Cummins |
| 175 | Kuzmanoff, Richard | XL Insurance America, Inc. |
| 176 | Lajewski, Stephen | Axis Ins. Co. |
| 177 | Lakin, Don | Cummins |
| 178 | Lane, Dan | Machine Drive Company |
| 179 | Lang, Roger | Cummins |
| 180 | Lange, Tim | Young & Associates |
| 181 | Langenderfer, Greg | Cummins |
| 182 | Larson, Bryce | Cummins |
| 183 | Lashbrook, John | Cummins |
| 184 | Lattanzio, Joe | AON |
| 185 | Laudien, Katja | HDI-Gerling |
| 186 | Lawrence, Kim | ERMCO |
| 187 | Ledwinka, Daniel W. | DL Industrial Inc. |
| 188 | Leggiero, Don P. | Cummins |
| 189 | Lemmo, Steven M. | HEA |
| 190 | Lenchner, Yevsey | Thornton Tomasetti |
| 191 | Lentz, Gary R. | Cummins |
| 192 | Lewis, Holly | Cummins |
| 193 | Leyes, Sally | Cummins |
| 194 | Lillich, Rob | Faithful & Gould |

Appendix A
**List of Individuals With Knowledge of Facts Relating To The Allegations in the Complaints**

| | A | B |
|---|---|---|
| **1** | **Name** | **Company** |
| 195 | Littell, Mike | Cummins |
| 196 | Lopez, Jesus | Duke Energy |
| 197 | Lorimor, Chris | Cummins |
| 198 | Lucas, Jacqueline | Cummins |
| 199 | Mackey, Jason | Cummins |
| 200 | Manzione, Charles | Cummins |
| 201 | Marsh, Jeanette K. | Cummins |
| 202 | Mauller, Monte C. | Cummins |
| 203 | Maurice, K.W. | Koorsen |
| 204 | McBroom, Brian | Cummins |
| 205 | McClanaher, Larry | Cummins |
| 206 | McCormick, David | McCormick Engineering, LLC |
| 207 | McCormick, Tracy | McCormick Engineering, LLC |
| 208 | McGah, Kevin | Duke Energy |
| 209 | McGuire, Rob | Central Sheet Metal |
| 210 | McKeen, Riley | Cummins |
| 211 | McReynolds, Todd C. | Cummins |
| 212 | Mellis, Dixie J. | Cummins |
| 213 | Mengale, Sulekha | Cummins (CTC Cummins Tech Center) |
| 214 | Miller, John | Cummins |
| 215 | Miller, Rhonda | Cummins |
| 216 | Milloy, Sean C. | Cummins |
| 217 | Mitchell, Matthew | Cummins |
| 218 | Mohr, Kit A. | Cummins |
| 219 | Moore, Greg | Techcom |
| 220 | Morgan, Brandon | GE |
| 221 | Morgan, Jeffrey R. | General Security Ins. Co. |
| 222 | Morgan, Tiffany | Cummins |
| 223 | Morris, Dave | Cummins |
| 224 | Moseman, Jannelle | Cummins (Cummins Technical Center) |
| 225 | Mumaw, Ron | Global Workplace Solutions |
| 226 | Munchel, John | Freije Co. |
| 227 | Nethercutt, Richard (Mark) | Cummins Tech Center |
| 228 | Nickel, David | Cummins - CTC |
| 229 | Nickerson, Hobe | ERMCO |
| 230 | Nixon, Greg | Cummins |
| 231 | Norris, Colin | Cummins |
| 232 | Novak, Don | Cummins |
| 233 | Nyman, Dan A. | Cummins |
| 234 | O'Brien, Scott | Lexington Ins. Co. |
| 235 | Obryant, Greg | Ashland |
| 236 | O'Haver, Matthew | Cummins |
| 237 | Olds, Jill | Cummins |
| 238 | Olmstead, James C. | Cummins |
| 239 | Olson, Kent E. | Cummins |
| 240 | Orth-Farrell, L. | Cummins |
| 241 | Ortiz, Ezequiel | Crawford |
| 242 | Osborne, Vic | Duke Energy |
| 243 | Otto, Edward | Cummins |

Appendix A
List of Individuals With Knowledge of Facts Relating To The Allegations in the Complaints

| | A | B |
|---|---|---|
| 1 | Name | Company |
| 244 | Outt, Terry | Hoosier Filing & Storage Systems, Inc. |
| 245 | Pagliaro, Vicky L. | Cummins Turbo Technologies Ltd |
| 246 | Pajor, Bart | Allianz Global Risks |
| 247 | Parks, Mitchell | Belfor |
| 248 | Parnelli, Ray | Indiana Fan & Fabricating |
| 249 | Perkins, Joe | Cummins |
| 250 | Petro, Gary W. | Cummins |
| 251 | Pinnow, Tim J. | Cummins |
| 252 | Polster, Jim | Mod Space |
| 253 | Pope, Gary L. | Cummins |
| 254 | Prate, Ernie | GE |
| 255 | Pruzinsky, Ron | Faithful & Gould |
| 256 | Quevedo, Diego | Cummins |
| 257 | Rakeman, Steve | AON |
| 258 | Ralston, Dave | ASC |
| 259 | Ray, Teresa S. | Cummins |
| 260 | Read, Dave | Duke Energy |
| 261 | Reedy, Sara L. | Cummins |
| 262 | Reynolds, Albert | Force Construction |
| 263 | Rhodes, Eric | Hudson |
| 264 | Richard, Mark K. | Cummins |
| 265 | Rilla, Marcia | Cummins |
| 266 | Ritter, Kenneth | Quantum Global Advisors |
| 267 | Ritzert, Beth Ann | Carrier |
| 268 | Roach, Phillip L. | Cummins |
| 269 | Robbins, Julie | Cummins |
| 270 | Roberts, John | National Union Fire Ins. Co. |
| 271 | Rogers, Sherron | Cummins |
| 272 | Rose, Marya M. | Cummins |
| 273 | Ruddy, Mark M. | Stoner & Company, Inc. |
| 274 | Rupp, John | Cummins - CTC |
| 275 | Rushlau, Brian | Steadfast Ins. Co. |
| 276 | Ryan, Dave | Forster Electric |
| 277 | Ryan, Jessica | Stoner & Company, Inc. |
| 278 | Sadaukas, John | Cummins |
| 279 | Sanchez, Mario | Cummins |
| 280 | Scher, Mike E. | Cummins |
| 281 | Schneckenberger, Craig | Cummins |
| 282 | Schneider, Eric C. | Cummins Turbo Technologies Ltd |
| 283 | Schwenk, Jeff | Continental Machinery Company, Inc. |
| 284 | Schwenk, Ron | Continental Machinery Company, Inc. |
| 285 | Scott, Thomas | Cummins |
| 286 | Seal, Joe (Sr.) | Record Indiana dba Automatic Door Systems |
| 287 | Sehneckenger, Craig A. | Cummins |
| 288 | Shaffer, Dave | Cummins |
| 289 | Shao, Josh S. | Cummins |
| 290 | Sharp, Rusty | Biehle |
| 291 | Sheets, Dennis | Barth Electric |

## Appendix A
### List of Individuals With Knowledge of Facts Relating To The Allegations in the Complaints

| | A | B |
|---|---|---|
| 1 | Name | Company |
| 292 | Sherman, Larry | AON |
| 293 | Shikany, Mary | Cummins |
| 294 | Silvey, James P. | Cummins |
| 295 | Simmons, Jay A. | Cummins |
| 296 | Simon, Conrad J. | Cummins |
| 297 | Simonson, Randolph J. | AON |
| 298 | Slayton, Mark J.  (or Slaton) | Cummins |
| 299 | Smallidge, Lindsay | Cummins |
| 300 | Smith, Kevin | Horner Electric |
| 301 | Snyder, Mara | Indiana Department of Homeland Security |
| 302 | Sorrels, Ken | Carrier |
| 303 | Spina, Frank | Salco Landscape Services, Inc. |
| 304 | Sprague, Mark | Cummins |
| 305 | Stafford, Randy J. | Cummins |
| 306 | Stahley, Steven R. | Cummins |
| 307 | Stein, Beverly | Cummins |
| 308 | Stephens, Michael | AON |
| 309 | Stewart, Courtney | Cummins |
| 310 | Stowers, George | Faithful & Gould |
| 311 | Strickland, Victoria S. | Cummins |
| 312 | Stuart, Jennifer | ACS |
| 313 | Stuckwich, John | Barth Electric |
| 314 | Sung, Hamilton | Cummins |
| 315 | Surbaugh, Wayne | AON |
| 316 | Suryanarayanan, Manju | Cummins |
| 317 | Sutherland, Jackie G. | Cummins |
| 318 | Thompson, Dan | Dunlap |
| 319 | Thompson, Neil | Alternate Source Inc. |
| 320 | Treadway, Jason | Cummins |
| 321 | Tribby, Mark | Horner Electric |
| 322 | Tscheulin, Dave | Biehle |
| 323 | Turner, Karen | Great Lakes |
| 324 | Tyree, Rich | Gaylor |
| 325 | Updike, Tim | Cummins |
| 326 | Vetor, Ted D. | jci.com |
| 327 | Walker, True | Cummins |
| 328 | Walton, K. | Cummins |
| 329 | Wang, LK | Cummins |
| 330 | Weiss, Steven F. | Weiss Architecture |
| 331 | Werlinger, George | Werlinger |
| 332 | Westerfield, Angie J. | Cummins |
| 333 | White, Richard | Cummins |
| 334 | Whittington, Pat | Cummins |
| 335 | Wilder, Rhonda F. | Cummins |
| 336 | Williams, Jeff | Continental Machinery |
| 337 | Williams, Paul | AON |
| 338 | Williams, Todd | Todd Williams Architecture |
| 339 | Wilson, James H. | Cummins |

**Appendix A**
**List of Individuals With Knowledge of Facts Relating To The Allegations in the Complaints**

| | A | B |
|---|---|---|
| 1 | **Name** | **Company** |
| 340 | Wise, Joel | Cummins - CTC |
| 341 | Witte, Bernie | ACS |
| 342 | Wolfe, John | Cummins |
| 343 | Wolochuk, Alexander | AON |
| 344 | Woods, Marilyn | Horner Electric |
| 345 | Woolfort, Ron | AON |
| 346 | Woon, Peter V. | Cummins |
| 347 | Wyman, John | Cummins - CTC |
| 348 | Wyss, Jim | Schneider Electric |
| 349 | Xi, Clyde | Cummins |
| 350 | Yezeretes, Aleksey | Cummins |
| 351 | Yong-Ching, Chen | Cummins |
| 352 | Young, Ray | Young & Associates |
| 353 | Youngblood, Dave | Cummins |
| 354 | Zavala, Mike | Belfor |

## <u>AFFIDAVIT OF SERVICE</u>

I, David E. Heiss an attorney and an after being first duly sworn, states that he served a copy of the attached pleading upon counsel noted below at the following address:

Andrew J. Detherage
Charles P. Edwards
Barnes & Thornburg, LLP
11 South Meridian Square
Indianapolis, IN  46204-3535

by depositing same in the U.S. Mail, proper postage prepaid, at 200 S. Wacker Drive, Chicago, Illinois, and by electronic mail on April 16, 2010.

DAVID E. HEISS