IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

CUMMINS, INC.,

      Plaintiff/Counter-defendant

    v.

ACE AMERICAN INSURANCE COMPANY, ALLIANZ
GLOBAL RISKS US INSURANCE COMPANY, AXIS
INSURANCE COMPANY, CONTINTENTAL
CASUALTY CO., GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA, HDI-GERLING INDUSTRIE
VERSICHERUNG AG, LEXINGTON INSURANCE
COMPANY, LIBERTY MUTUAL FIRE INSURANCE
COMPANY, NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., XL INSURANCE
AMERICA, INC.; GREAT LAKES REINSURANCE UK,
plc (MUNICH RE); LLOYD'S OF LONDON (KLN and
CSL) via GEP, STEADFAST INSURANCE COMPANY,

      Defendants/Counter-Plaintiffs.

Case No. 1:09-cv-00738

## ACE AMERICAN INSURANCE COMPANY'S RESPONSES TO CUMMINS' FIRST SET OF PRODUCTION REQUESTS

Defendant ACE AMERICAN INSURANCE COMPANY ("ACE AMERICAN"), by and

through undersigned counsel and pursuant to Federal Rule 34 and Local Rules 26.1 and 26.2,

hereby responds to Cummins, Inc. ("CUMMINS") first set of production requests:

## GENERAL OBJECTIONS AND INSTRUCTIONS APPLICABLE TO ALL REQUESTS

1.      ACE AMERICAN objects to these Requests to the extent they seek to impose

compliance obligations greater than those imposed by the Federal Rules of Civil Procedure and

Local Court Rules.

2.      ACE AMERICAN objects to the "Definitions" contained in these Requests to the

extent they seek to impose obligations greater than those imposed by the Federal Rules of Civil

Exhibit 2

Procedure and Local Court Rules.

3.      ACE AMERICAN objects to these Requests for Production of Documents to the extent they seek information protected by any applicable privilege, including without limitation: the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. ACE AMERICAN also reserves the right to request information and/or a document that is inadvertently produced. Any such inadvertent production of protected information and/or documents does not constitute a waiver of the privilege, work-product doctrine or immunity.

4.      ACE AMERICAN objects to these Requests for Production of Documents to the extent they seek confidential, proprietary or otherwise protected business or commercial information.

5.      ACE AMERICAN objects to these Requests for Production of Documents to the extent they are improper at this stage in the litigation. ACE AMERICAN reserves the right to supplement, modify, or amend these answers as subsequent information is produced to ACE AMERICAN.

6.      ACE AMERICAN reserves the right to amend and/or supplement these responses at any time prior to trial.

7.      ACE AMERICAN objects to these Requests as improper on the grounds and to the extent that they inquire about any matter that is irrelevant to the subject matter of the pending action and are not reasonably calculated to lead to the discovery of relevant or admissible evidence.

8.      ACE AMERICAN objects to these Requests as improper on the grounds and to the extent that obtaining the requested information would be oppressive, unduly burdensome and expensive, and the burden and expense of obtaining the information would greatly exceed the

value of the information in the context of this litigation.

9.     ACE AMERICAN objects to these Requests to the extent they seek information pertaining to information protected as a business or trade secret.

10.    ACE AMERICAN objects to these Requests to the extent they seek information and/or documents concerning contentions or positions regarding legal issues in this litigation as being overly broad, vague and premature.

11.    ACE AMERICAN objects to these Requests to the extent they seek documents that are not within the care, custody or control of ACE AMERICAN.  ACE AMERICAN is not required to produce any documents not in its care, custody or control and, therefore, these documents will have to be obtained by Cummins through other means.

12.    ACE AMERICAN objects to the definition of the term "Insurers" as overbroad as the definition includes various third-parties which are not employees of the "Insurers" or any of the Insurers individually.

13.    ACE AMERICAN incorporates by reference each and every one of these objections to each and every one of CSL'S responses set forth below as though fully set forth herein.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST NO. 1:**    With respect to each Policy, all documents concerning:

(a)     The application for or the negotiation, consideration, underwriting, purchase, acceptance, execution or delivery of each Policy;

(b)     The review of, commentary on, or approval or disapproval of each Policy, or any draft versions thereof;

**RESPONSE:  Objection.  This request is overly broad, unduly burdensome and not**

reasonably calculated to lead to the discovery of relevant or admissible information. Without waiving any objections, ACE AMERICAN has previously produced the non-privileged, non-confidential portions of the underwriting file.

**REQUEST NO. 2:**   All documents related to the underwriting of the Policy, including but not limited to Insurers' underwriting file(s).

**RESPONSE: Objection.  This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Without waiving any objections, ACE AMERICAN has previously produced the non-privileged, non-confidential portions of the underwriting file.**

**REQUEST NO. 3:**   All documents related to any underwriting manuals, rules, policies or guidelines concerning the underwriting and issuance of commercial property policies of each of the Insurers from 2005 through the present.

**RESPONSE:  Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy.  The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue.  In addition, the production of these requested documents would disclose private, proprietary, and confidential information and business practices of ACE AMERICAN.**

**REQUEST NO. 4:**   All documents related to any differences between different property forms, including all endorsements, for each type of commercial property insurance policy issued by you during the period January 2003 to the present for any and all language that you contend applies to Cummins' Claim and/or that is the same as or similar to any of the language referenced in Request No. 16.

**RESPONSE: Objection.  ACE AMERICAN objects to this request as unduly burdensome, harassing and  not readily available or ascertainable since ACE AMERICAN does not maintain separate information on "language ... that is the same as or similar to any of the language referenced in Request No. 16."  ACE AMERCIAN would have to examine each and every claims file from a commercial property loss from January, 2003 to the present to determine if a claim involving "language ... that is the same as or similar to any of the language referenced in Request No. 16" was submitted and then would be forced to examine the contents of each and every claim file to ascertain whether such claims are relevant to the information sought.  The probative value of such information, assuming it is possible to uncover the same, is greatly outweighed by the prejudice imposed upon ACE**

AMERICAN in terms of manpower and cost it would incur to respond this request. Furthermore, each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy. The information sought by this interrogatory lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue. Finally, assuming any such other claims exist, responding to this interrogatory would force ACE AMERICAN to disclose the financially sensitive information of its insureds and/or potentially violate protective orders entered in other cases.

**REQUEST NO. 5:** All documents produced, obtained, used, referred to, or relied upon by any of the Insurers in any manner in considering, handling, addressing, analyzing, responding to, or stating a coverage position with respect to Cummins' Claim.

**RESPONSE: Objection.** This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. It also arguably seeks to invade the attorney-client and attorney work product privileges. Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.

**REQUEST NO. 6:** All documents relating to your investigation and handling of Cummins' Claim, including, but not limited to:

(a) Your entire claim file(s);

(b) Your entire investigation file(s); and

(c) All documents relating to evaluations of Cummins' Claim.

**RESPONSE: Objection.** This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. It also arguably seeks to invade the attorney-client and attorney work product privileges. Without waiving any objections, non-privileged, responsive documents will be produced at a mutually agreeable time.

**REQUEST NO. 7:** All documents related to any property damage and losses sustained by Cummins in the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.  This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  It also arguably seeks to invade the attorney-client and attorney work product privileges.  Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 8:**   All documents related to any work performed to evaluate any loss sustained by Cummins in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.  This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  It also arguably seeks to invade the attorney-client and attorney work product privileges.  Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 9:**   All documents related to the actual, expected or estimated cost of any work performed or to be performed to address the property damages and losses sustained by Cummins in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.   This request is broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  It also arguably seeks to invade the attorney-client and attorney work product privileges.  Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 10:**  All documents related to any activity summaries, notes, diaries, journals, time records, reports or other documents regarding activities undertaken as a result of Cummins' Notice of the Claim or in relation to the Claim or Cummins property damages and/or losses sustained in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.  This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  It also arguably seeks to invade the attorney-client and attorney work product privileges.  Without waiving any objections, non–privileged responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 11:**  All documents produced, obtained, used, referred to, or relied upon

by you and/or any of the Insurers in any manner in considering, handling, addressing, analyzing,

responding to, or stating a coverage position on Cummins' Claim and/or any losses or damages

sustained by Cummins in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. It also arguably seeks to invade the attorney-client and attorney work product privileges. Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 12:** All claims manuals, claims handling rules, claims handling

policies, claims handling regulations and other documents relating in any way to your and/or any

of the Insurers' monitoring and/or handling of commercial property claims for the period January

1, 2003, to the present, including, but not limited to, all claims handling manuals produced,

obtained, used, referred to, or relied upon by your or any of the Insurers in any manner in

considering, handling, addressing, analyzing, responding to or stating a coverage position as to

the Claim and/or any losses or damages sustained by Cummins in connection with the June 2008

flooding in Columbus, Indiana.

**RESPONSE: Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy. The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue. In addition, the production of these requested documents would disclose private, proprietary, and confidential information and business practices of ACE AMERICAN.**

**REQUEST NO. 13:** All documents concerning the time or date when Insurers first

became aware or was first informed of the existence of the Claim.

**RESPONSE: Responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 14:** All documents related to the Claim and/or Cummins' property damages and/or losses sustained in connection with the June 2008 flooding in Columbus, Indiana, including but not limited to:

     (a)     Your entire Claim file;

     (b)     All correspondence, memoranda, or other communications;

     (c)     All document indices or data compilations;

     (d)     All documents or data compilations that reflect the nature and amount of any payments made or expenses incurred or paid by Insurers in connection with the Claim;

     (e)     All documents that describe, relate or refer to any consultation by Insurers, or counsel employed by Insurers, with any expert or consultant retained in connection with the Claim; and

     (f)     All documents concerning any settlement demands, proposals and/or agreements with respect to Cummins.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. It also seeks to invade the attorney-client and attorney work product privileges. Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 15:** All documents relating to Cummins.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. It also arguably seeks to invade the attorney-client and attorney work product privileges. Without waiving any objections, responsive documents related to the claim and the applicable insurance policy will be produced at a mutually agreeable time.**

**REQUEST NO. 16:** All documents related to any interpretation, construction or position asserted or taken by you and/or any of the Insurers under any commercial property policy during the years 1995 through the present regarding the following Policy language or

substantatively similar language:

(a)     Any and all language contained in Endorsement No. 10, entitled "Amendatory Endorsement – Catastrophe Exposed Zones & Areas"

(b)     Any and all language relating to "High Hazard Zones for Flood"

(c)     Any and all language relating to "Flood in High Hazard (100 year) Flood Zones"

(d)     Any and all language relating to "High Hazard Flood Zones"

(e)     Any and all language relating to the application of sublimits vis-à-vis other limits of liability

(f)     Any and all language providing or excluding flood coverage

(g)     Any and all language relating to "Research and Development"

(h)     Any and all language relating to "Extra Expense"

(i)     Any and all language relating to "Expediting Expense"

(j)     Any and all language relating to "Business Interruption"

(k)     Any and all language relating to the clause "subject to the sublimits herein as respects Flood…"

(l)     Any and all language relating to the meaning of "Property Damage Value"

(m)     Any and all language relating to the meaning of "Business Interruption Values"

(n)     Any and all language relating to the calculation of the deductible for "Flood" as set forth in the Policy

(o)     Any and all language relating to the meaning of "location"

(p)     Any and all language relating to the meaning of "property"

(q)     Any and all language relating to "Delay or loss of market"

(r)     Any and all language relating to "Indirect or remote loss or damage"

(s)     Any and all language relating to the "Period of Recovery"

(t)     Any and all language relating to "Expense to Reduce Loss"

(u)     Any and all language relating to the "Experience of the Business"

(v)     Any and all language relating to "Demolition and Increased Cost of Construction"

(w)    Any and all language relating to the meaning of "claim" and/or "adjusted claims"

(x)     Any and all language relating to "acceptance of Proof of Loss by the Insurer"

**RESPONSE: Objection. ACE AMERICAN objects to this request as unduly burdensome, harassing and not readily available or ascertainable since ACE AMERICAN does not maintain separate information, individually or collectively, on the policy terms or provisions set forth in subparts (a)-(x). ACE AMERCIAN would have to examine each and every claims file from a commercial property loss from 1995 to the present (a period of 15 years) to determine if a claim involving the policy terms or provisions set forth in subparts (a)-(x) was submitted and then would be forced to examine the contents of each and every claim file to ascertain whether such claims are relevant to the information sought. The probative value of such information, assuming it is possible to uncover the same, is greatly outweighed by the prejudice imposed upon ACE AMERICAN in terms of manpower and cost it would incur to respond this request. Furthermore, each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy. The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue. Finally, assuming any such other claims exist, responding to this request would force ACE AMERICAN to disclose the financially sensitive information of its insureds and/or potentially violate protective orders entered in other cases.**

**REQUEST NO. 17:** All documents relating to the meaning of, intent of, interpretation

of any of the policy language identified in Request No. 16.

**RESPONSE: Objection. ACE AMERICAN objects to this request as unduly burdensome, harassing and not readily available or ascertainable since ACE AMERICAN does not maintain separate information, individually or collectively, on the policy terms or provisions set forth in subparts (a)-(x). ACE AMERCIAN would have to examine each and every claims file from a commercial property loss from 1995 to the present (a period of 15 years) to determine if a claim involving the policy terms or provisions set forth in subparts (a)-(x) was submitted and then would be forced to examine the contents of each and every claim file to ascertain whether such claims are relevant to the information sought. The probative value of such information, assuming it is possible to uncover the same, is greatly outweighed by the prejudice imposed upon ACE AMERICAN in terms of manpower and cost it would incur to respond this request. Furthermore, each claim is evaluated on a case**

by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy.  The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue.  Finally, assuming any such other claims exist, responding to this request would force ACE AMERICAN to disclose the financially sensitive information of its insureds and/or potentially violate protective orders entered in other cases.

**REQUEST NO. 18:**  All documents related to any standard policy form issued by you and/or any of the Insurers from 1995 to the present that contains any of the policy language set forth in Request No. 16.

**RESPONSE: Objection. ACE AMERICAN** objects to this request as unduly burdensome, harassing and not readily available or ascertainable since ACE AMERICAN does not maintain separate information, individually or collectively, on the policy terms or provisions set forth in subparts (a)-(x).  ACE AMERCIAN would have to examine each and every commercial property policy issued from 1995 to the present (a period of 15 years) to determine if a policy containing the policy terms or provisions set forth in subparts (a)-(x) was issued and then would be forced to examine the contents of each and every policy to ascertain whether such policies are relevant to the information sought.  The probative value of such information, assuming it is possible to uncover the same, is greatly outweighed by the prejudice imposed upon ACE AMERICAN in terms of manpower and cost it would incur to respond this request. Furthermore, each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy.  The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue.  Finally, assuming any such other policies exist, responding to this request would force ACE AMERICAN to disclose the financially sensitive information of its insureds and/or potentially violate protective orders entered in other cases.

**REQUEST NO. 19:**  All transcripts of depositions of Insurers or an employee, officer, or representative thereof in connection with any action, legal or administrative, filed in any jurisdiction in the United States, during which depositions of any of the Insurers or Insurers' employees, officers or representatives testified with respect to any of the Insurers' interpretation of, construction of, or position on any of the policy language identified in Request No. 16.

**RESPONSE: Objection.  This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  In**

addition, the production of these requested documents would disclose not only private, proprietary, and confidential information and business practices of ACE AMERICAN, but also, the proprietary, confidential information of non-identified insureds that are not implicated in this lawsuit and/or potentially violate protective orders entered in other cases.

**REQUEST NO. 20:**  All motions, memoranda of law, briefs, proposed orders, answers, complaints, transcripts, affidavits, discovery requests or responses, or any other documents which Insurers has filed (or which were filed on behalf of Insurers) in connection with any action, legal, administrative or otherwise in any jurisdiction in the United States relating to any of the Insurers' interpretation of, construction of, or position on any of the policy language identified in Request No. 16.

**RESPONSE: Objection.**  This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  In addition, the production of these requested documents would disclose not only private, proprietary, and confidential information and business practices of ACE AMERICAN, but also, the proprietary, confidential information of non-identified insureds that are not implicated in this lawsuit and/or potentially violate protective orders entered in other cases.

**REQUEST NO. 21:**  All documents constituting or relating to communications in which you and/or any of the Insurers stated a position which related to the interpretation of, construction of, or position on any of the policy language identified in Request No. 16.

**RESPONSE: Objection.**  ACE AMERICAN objects to this request as unduly burdensome, harassing and not readily available or ascertainable since ACE AMERICAN does not maintain separate information, individually or collectively, on the policy terms or provisions set forth in request 16(a)-(x).  ACE AMERCIAN would have to examine each and every claims file from a commercial property loss from 1995 to the present (a period of 15 years) to determine if a claim involving the policy terms or provisions set forth in request 16(a)-(x) was submitted and then would be forced to examine the contents of each and every claim file to ascertain whether such claims are relevant to the information sought.  The probative value of such information, assuming it is possible to uncover the same, is greatly outweighed by the prejudice imposed upon ACE AMERICAN in terms of manpower and cost it would incur to respond this request.  Furthermore, each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy.  The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue.  Finally, assuming

any such other claims exist, responding to this request would force ACE AMERICAN to disclose the financially sensitive information of its insureds and/or potentially violate protective orders entered in other cases.

**REQUEST NO. 22:**  All underwriting manuals, rules, policies or guidelines relating to any of the policy language identified in Request No. 16.

**RESPONSE: Objection.  This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy.  The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue.  In addition, the production of these requested documents would disclose private, proprietary, and confidential information and business practices of ACE AMERICAN.**

**REQUEST NO. 23:**  All judicial rulings, orders, opinions, or other pronouncements from all judges, magistrates, administrative law judges, arbitrators, mediators, or any other decision makers in any jurisdiction in the United States which relate to the interpretation of, construction of, or position on any of the policy language identified in Request No. 16.

**RESPONSE: Objection.  This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  This request is unduly burdensome as it seeks information in the possession of other third parties and not ACE AMERICAN.  Further, ACE AMERICAN objects to this request as unduly burdensome, harassing and  not readily available or ascertainable since ACE AMERICAN does not maintain separate information on "the interpretation of, construction of or position on any of the policy language identified in Request No. 16." Since this request is also unlimited in time in scope, ACE AMERICAN would have to examine each and every claims file from a commercial property loss for an indefinite period to determine if a claim involving "the interpretation of, construction of or position on any of the policy language identified in Request No. 16" was submitted and then would be forced to examine the contents of each and every claim file to ascertain whether such claims are relevant to the information sought.  The probative value of such information, assuming it is possible to uncover the same, is greatly outweighed by the prejudice imposed upon ACE AMERICAN in terms of manpower and cost it would incur to respond this request. Furthermore, each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy.  The information sought by this interrogatory lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the**

policy at issue. Finally, assuming any such other claims exist, responding to this interrogatory would force ACE AMERICAN to disclose the financially sensitive information of its insureds and/or potentially violate protective orders entered in other cases.

**REQUEST NO. 24:** All documents relating to the drafting of any of the policy language identified in Request No. 16 including, but not limited to, all drafts, related endorsements, related policy forms, correspondence, memoranda, and notes at any time from 1995 to the present.

**RESPONSE: Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy. The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue. In addition, the production of these requested documents would disclose private, proprietary, and confidential information and business practices of ACE AMERICAN.**

**REQUEST NO. 25:** All documents relating to any revisions, modifications, changes, and/or different versions of any of the policy language identified in Request No. 16, including, but not limited to, all drafts, related endorsements, related policy forms, correspondence, memoranda, and notes at any time from 1995 to the present.

**RESPONSE: Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy. The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue. In addition, the production of these requested documents would disclose private, proprietary, and confidential information and business practices of ACE AMERICAN.**

**REQUEST NO. 26:** All documents produced, obtained, used, referred to, leading to, or relied upon by you or any of the Insurers in adding or making any suggested changes in any of the wording of any of the policy language referenced in Request No. 16 in any commercial

property policies issued by any of the Insurers after the issuance to Cummins of the Policy, and

all documents relating to the reasons for those changes.

**RESPONSE: Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy. The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue. In addition, the production of these requested documents would disclose private, proprietary, and confidential information and business practices of ACE AMERICAN.**

**REQUEST NO. 27:** All documents relating to the procedures, practices or policies

followed by you or any of the Insurers to ensure a consistent interpretation of any of the policy

language identified in Request No. 16, or substantively similar policy language.

**RESPONSE: Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Each claim is evaluated on a case by case basis based upon the terms, conditions, limitations and exclusions of the applicable policy. The information sought by this request lacks probative value because of the differing facts and circumstances present in each claim as well the language of the policy which may be specific to only the policy at issue. In addition, the production of these requested documents would disclose private, proprietary, and confidential information and business practices of ACE AMERICAN.**

**REQUEST NO. 28:** All communications relating to the Claim between Insurers and

any person or entity who issued any policy of reinsurance (including reinsurance certificates,

reinsurance treaties, reinsurance contracts and reinsurance agreements) pursuant to which

Insurers ceded any of the risk underwritten in the Policy.

**RESPONSE: Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. In addition, the production of these requested documents would disclose proprietary and confidential information and business practices of ACE AMERICAN. ACE AMERICAN further objects to this requests to the extent it seeks documents that were prepared, generated or received after the commencement of litigation, and to the extent it seeks documents that are subject to the attorney-client privilege or any other applicable privilege, rule of confidentiality, protection or restriction or are otherwise non-discoverable.**

**REQUEST NO. 29:** All documents related to the setting of, or any decision not to set, a reserve or loss reserve for the Claim.

**RESPONSE: Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. In addition, the production of these requested documents would disclose proprietary and confidential information and business practices of ACE AMERICAN. ACE AMERICAN further objects to this requests to the extent it seeks documents that were prepared, generated or received after the commencement of litigation, and to the extent it seeks documents that are subject to the attorney-client privilege or any other applicable privilege, rule of confidentiality, protection or restriction or are otherwise non-discoverable.**

**REQUEST NO. 30:** All e-mails and internal communications related to the Claim.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. It also arguably seeks to invade the attorney-client and attorney work product privileges. Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 31:** All documents related to, prepared by and/or exchanged with Thornton Tomasetti related to the Policy and/or the coverage provided by the Policy for the Claim and/or Cummins' damages and losses sustained in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection. This request seeks documents created for purposes of settlement discussions and which are protected by Fed. R. Evid. 408. Without waiving any objections, non-privileged, responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 32:** All documents related to, prepared by and/or exchanged with David McCormick and/or McCormick Engineering, LLC.

**RESPONSE: Objection. This request seeks documents created for purposes of settlement discussions and which are protected by Fed. R. Evid. 08. Without waiving any objections, non-privileged, responsive documents will be produced at a mutually agreeable**

time.

**REQUSET NO. 33:** All documents related to, prepared by and/or exchanged with Hagen, Streiff, Newton & Oshiro related to the Policy and/or the coverage provided by the Policy for the Claim and/or Cummins' damages and losses sustained in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.  This request seeks documents created for purposes of settlement discussions and which are protected by Fed. R. Evid. 408.  Without waiving any objections, non-privileged, responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 34:** All documents related to, prepared by and/or exchanged with Halliwell Engineering related to the Policy and/or the coverage provided by the Policy for the Claim and/or Cummins' damages and losses sustained in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.  This request seeks documents created for purposes of settlement discussions and which are protected by Fed. R. Evid. 408.  Without waiving any objections, non-privileged, responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 35:** All documents related to, prepared by and/or exchanged with Young & Associates related to the Policy and/or the coverage provided by the Policy for the Claim and/or Cummins' damages and losses sustained in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.  This request seeks documents created for purposes of settlement discussions and which are protected by Fed. R. Evid. 408.  Without waiving any objections, non-privileged, responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 36:** All documents related to, prepared by and/or exchanged with Werlinger & Associates related to the Policy and/or the coverage provided by the Policy for the

Claim and/or Cummins' damages and losses sustained in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.   This request seeks documents created for purposes of settlement discussions and which are protected by Fed. R. Evid. 408.  Without waiving any objections, non-privileged, responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 37:** All documents related to, prepared by and/or exchanged with Crawford & Company related to the Policy and/or the coverage provided by the Policy for the Claim and/or Cummins' damages and losses sustained in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: This request seeks documents created for purposes of settlement discussions and which are protected by Fed. R. Evid. 408.  Without waiving any objections, non-privileged, responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 38:** All documents reflecting and/or relating to communications between and/or among the Insurers relating to the Policy, the Claim and/or Cummins' damages and losses sustained in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.  This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information. Without waiving any objections, non-privileged responsive documents related to the claim and applicable insurance policy will be produced at a mutually agreeable time.**

**REQUEST NO. 39:** All documents reflecting and/or relating to your internal communications relating to the Policy, the Claim and/or Cummins' damages and losses sustained in connection with the June 2008 flooding in Columbus, Indiana.

**RESPONSE:  Objection.  This request is, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  It also arguably seeks to invade the attorney-client and attorney work product privileges. Without waiving any objections, non-privileged, responsive documents related to the claim and applicable insurance policy will be produced at a mutually agreeable time.**

**REQUEST NO. 40:** All documents reflecting or referring to information or

documentation you or any of the Insurers requested from Cummins that you contend was not responded to by Cummins.

**RESPONSE:  Responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 41:**  All documents relating to the Cummins Technical Center.

**REPONSE:   Objection.  This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  It also arguably seeks to invade the attorney-client and attorney work product privileges.   Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 42:**  All documents relating to the topography of the Cummins sites involved in the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.  This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  It also arguably seeks to invade the attorney-client and attorney work product privileges.   Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 43:**  All documents related to the flood protection or propensity for flooding at any of the Cummins sites involved in the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.  This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  It also arguably seeks to invade the attorney-client and attorney work product privileges.   Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.**

**REQUEST NO. 44:**  All documents obtained from any third-party relating to any of the Cummins sites involved in the June 2008 flooding in Columbus, Indiana.

**RESPONSE: Objection.  This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible information.  It also arguably seeks to invade the attorney-client and attorney work product privileges.   Without waiving any objections, non-privileged responsive documents will be produced at a mutually agreeable time.**

Respectfully submitted,

FISHER KANARIS, P.C.

By:

Peter E. Kanaris
Dave E. Heiss
Eric D. Stubenvoll
FISHER KANARIS, P.C.
200 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606
Tel: (312) 474-1400
Fax:(312) 474-1410

Bryce H. Bennett, Jr.
Riley, Bennett & Egloff, LLP
141 E. Washington Street
Fourth Floor
Indianapolis, Indiana 46204
Tel: 317-636-8000
**Attorneys for Plaintiffs/Counter Defendants**

## **AFFIDAVIT OF SERVICE**

I, David E. Heiss an attorney and an after being first duly sworn, states that he served a copy of the attached pleading upon counsel noted below at the following address:

Andrew J. Detherage
Charles P. Edwards
Barnes & Thornburg, LLP
11 South Meridian Square
Indianapolis, IN 46204-3535

by depositing same in the U.S. Mail, proper postage prepaid, at 200 S. Wacker Drive, Chicago, Illinois, and by electronic mail on April 16, 2010.

DAVID E. HEISS